**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CIVIL ACTION NO. 5:16-CV-225-MOC-DCK**

| | | |
|---|---|---|
| **FRANK GULYAS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES J. BROWN III, in his official** | ) | **CONSENT PROTECTIVE ORDER** |
| **capacity, CINDY A.WALLACE, in** | ) | |
| **her individual capacity, JUDITH** | ) | |
| **HAAS, in her official capacity,** | ) | |
| **J. DAVID ELROD, in his** | ) | |
| **individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

WHEREAS, in this action, Plaintiff, Frank Gulyas, asserts claims for denial of due process under the United States Constitution and the North Carolina State Constitution;

WHEREAS, the parties expect that discovery sought in this action may require the production of certain confidential information, such as state employee personnel information; student records under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g; and other documents containing, referring to, or incorporating the information described in this paragraph; and

WHEREAS, Plaintiff and Defendants have agreed to the entry of this Order protecting the confidentiality of such information, and there is good cause for the issuance of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED as follows:

1.      In accordance with the provisions set forth below, the Court intends that confidential information and documents produced, obtained or exchanged in the course of this

action shall be used by the party or parties to whom such documents are produced, obtained or exchanged solely for the purpose of this lawsuit and for no other purpose.

2.    Any documents produced or exchanged between Plaintiff and the Defendants, and any information contained in discovery, including but not limited to deposition testimony and deposition exhibits, written discovery responses, and affidavits or declarations, which a party, or a non-party from whom discovery is sought, believes is protected from disclosure under governing law, and documents containing, referring to, or reflecting such information, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party or non-party producing information designated as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3.    Any party or non-party from whom discovery is sought may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. It is agreed by the parties that if a party or non-party wishes to maintain the confidentiality of the document in a brief or other court filed document, then the party or non-party must follow the procedures set forth in paragraphs 10 and 11 of this Consent Protective Order.

4.    Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5.	Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party or non-party designating information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

a.	Attorneys, legal assistants, and employees of the parties who have a need to handle the Confidential Information under normal office procedure;

b.	Experts or consultants retained by the parties with respect to this action;

c.	Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

d.	This Court and its staff;

e.	Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and

f.	Any party to this litigation.

6.	 Any party may also designate portions of a deposition as Confidential Information by notifying the other party in writing within twenty (20) days of receipt of the transcript of the portions that are designated Confidential. All depositions shall be treated as confidential during this twenty (20) day period. Confidential Information within the deposition transcript may be designated by informing the court reporter and other parties of the portions of the transcript (including any exhibits) that are confidential.  Any party wishing to use Confidential Information within a deposition transcript shall follow the procedures set forth in paragraph 10 and 11 in this Consent Protective Order.

7.     The parties shall attempt to informally resolve any disputes regarding designations of "Confidential Information." If such disputes or objections cannot be resolved informally, any party may move for the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the party or non-party that made the designation or objection at issue shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as "Confidential Information," shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any producing party or non-party's objection.

8.     Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

9.     This Consent Protective Order is intended to be, and shall be construed as, a court order expressly authorizing and ordering for purposes of discovery, subject to the procedures and protections set forth herein, the production of information: (i) containing or tending to reveal nonpublic personnel information subject to the protections of the North Carolina Human Resources Act; (ii) deemed confidential by, or exempted from, the North Carolina Public Records law, N.C. Gen. Stat. § 132-1 et seq.; (iii) constituting "personal information" under the North Carolina Identify Theft Protection Act of 2005; (iv) constituting student "education records" under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 12329, and its implementing regulations, 34 C.F.R. pt.99; or (v) otherwise protected from public disclosure by any applicable law, regulation, protective order, or nondisclosure agreement.

10.     Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a.      operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

b.      prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c.      prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

d.      prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

11.     Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party or non-party that produced the information so designated about how it should be filed. If the party or non-party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 6.1.

12.     Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any

such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out findings in a proposed order to seal for the court.

13.     In the event that a party or non-party producing information inadvertently fails to designate any of its Confidential Information pursuant to this Order, the party or non-party producing such information may designate it Confidential by providing written notification to the other parties of its confidential nature and, under such circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

14.     The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy or redact all Confidential Information and certify in writing to counsel that the Confidential Information has been destroyed or redacted.

15.     Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

IT IS SO ORDERED.

Signed: February 8, 2018

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

Tin Fulton Walker & Owen, PLLC

/s/John W. Gresham
John W. Gresham
NC State Bar No. 6647
301 E. Park Avenue
Charlotte, NC  28203
Tel: 704.338.1220
Fax:  704.338.1312
Email: jgresham@tinfulton.com

*Counsel for Plaintiff*

JOSHUA H. STEIN
Attorney General

/s/Stephanie A. Brennan
Stephanie A. Brennan
Special Deputy Attorney General
NC State Bar No. 35955
NC Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919.716.6920
Fax:    919.716.6764
Email: sbrennan@ncdoj.gov

*Counsel for Defendants*